**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

PATRICIA BRINSON,

      Plaintiff,

      v.

CITY OF NEWARK, et al.,

      Defendants.

Civ. No. 20-9606 (KM)

**OPINION**

**KEVIN MCNULTY, U.S.D.J.:**

This action arises from an automobile chase in which the police were attempting to apprehend a driver, defendant Shakeera S. Williams. The complaint alleges that Williams, while trying to elude the police, collided with another car and struck the plaintiff, Patricia Brinson, a pedestrian. Ms. Brinson brings this action under 42 U.S.C. § 1983 and the New Jersey Tort Claims Act ("TCA"), seeking compensation for her injuries. She sues Williams and the owner of Williams's car; the New Jersey Property-Liability Insurance Guaranty Association ("PLIGA"); Carlos D. Melendez (another driver involved in the incident), and Aida Melendez, the owner of Carlos Melendez's car; and A. Stokes[1] and Malcolm P. Kirkland, the two Newark police officers involved in the chase. Most pertinently here, she sues the City of Newark, which moves to dismiss the Complaint as against itself only for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). (DE 5).[2]

---

[1]    The officer's name, rendered as "Stokes" in the caption, is spelled "Strokes" in the body of the Complaint. I have consistently rendered it as Stokes on the assumption that the caption is correct.

[2]    Docket entries are cited as "DE __". The City's Brief in support of the motion (DE 5-6) and in reply (DE 18) are cited as "Brf." and "Reply". The Plaintiff's brief in opposition to the motion (DE 14) is cited as "Opp.".

For the reasons expressed herein, the City's motion to dismiss is granted without prejudice to a motion to amend.

## I.   DISCUSSION

### A. Standard of Review

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Sci. Prods., Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *N.J. Carpenters & the Trs. Thereof v. Tishman Const. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

The Third Circuit has liberally permitted pleading amendments to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990).

Indeed, where a complaint is dismissed on Rule 12(b)(6) grounds, "a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004); *accord Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000)).

### B. Grounds not Contested

Certain of the issues asserted in the City's motion to dismiss turn out to be undisputed.  I deal with them briefly here.

### 1. Motion to sever and remand

This action was removed from New Jersey State court by the City, based on the presence of a federal question. (DE 1; *see* 28 U.S.C. §§ 1441, 1331). The Notice of Removal recited that the Melendez defendants consented to removal. Later filings indicate that they conditioned their consent on that of PLIGA, which did not initially consent. (Brf. at 25). As alternative relief, the City sought in its motion to sever and remand the case as against the non-consenting defendants only.

It is unnecessary to analyze the necessity and timing of consent, or the viability of the City's proposal to sever and remand. The Melendez defendants and PLIGA now do consent to removal. The City has therefore withdrawn its request for this alternative relief, which is denied as moot. (DE 13)

### 2. Motion to stay discovery

The City also sought a stay of discovery while its motion to dismiss remained pending. It appears that the plaintiff consented to the stay. (DE 13) Regardless, that request is now denied as moot, in that the Court is now deciding the City's motion to dismiss.

### 3. Tort immunity

In its motion, the City asserted its immunity from state-law tort claims under the New Jersey Tort Claims Act ("NJTCA"). (Brf. at 19). It cited in particular the provision of the NJTCA affording municipal immunity for claims

of negligence arising from police pursuit of a suspect. *See* N.J. Stat. Ann. § 59:5-2.[3] The opposing brief filed on behalf of Ms. Brinson makes no response, and I therefore treat the issue as conceded.

Count 3 of the Complaint, insofar as it alleges that the City of Newark is liable in tort for the injuries sustained as a result of the officers' pursuit of Williams, is dismissed.

### 4. Punitive damages and vicarious liability

Plaintiff Brinson withdraws her claim for punitive damages as against the City of Newark. (Opp. at 7) That claim is therefore dismissed.

Ms. Brinson now concedes that 42 U.S.C. § 1983 does not permit vicarious liability as against a municipality, and withdraws it. (Opp. at 8)

> In *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978), we decided that a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue. *Respondeat superior* or vicarious liability will not attach under § 1983. *Id.*, at 694–695, 98 S.Ct. at 2037–38. "It is only when the 'execution of the government's policy or custom … inflicts the injury' that the municipality may be held liable under § 1983."

---

[3]     Neither a public entity nor a public employee is liable for:

a.     An injury resulting from the parole or release of a prisoner or from the terms and conditions of his parole or release or from the revocation of his parole or release;

b.     any injury caused by:

(1) an escaping or escaped prisoner;

(2) an escaping or escaped person;

(3) a person resisting arrest or evading arrest;

(4) a prisoner to any other prisoner; or

c.     any injury resulting from or caused by a law enforcement officer's pursuit of a person.

N.J. Stat. Ann. § 59:5-2. *See also* N.J. Stat. Ann. § 59:2-10 (even in case of willful misconduct, which may give rise to individual liability, public entity is not liable).

> *Springfield v. Kibbe*, 480 U.S. 257, 267, 107 S.Ct. 1114, 1119, 94
> L.Ed.2d 293 (1987) (O'CONNOR, J., dissenting) (quoting *Monell,*
> *supra,* 436 U.S., at 694, 98 S. Ct. at 2037–38).

*City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 109 S. Ct. 1197, 1203 (1989)

The § 1983 claim against the City of Newark, insofar as it rests on vicarious or *respondeat superior* liability, is therefore dismissed. The City's § 1983 liability will be analyzed under the Count 5 *Monell* theory.

### C. *Monell* Liability

As Plaintiff Brinson now concedes, *see supra,* if there is to be § 1983 municipal liability, the City must have been involved in or culpable for the alleged constitutional deprivation within the meaning of *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 98 S. Ct. 2018 (1978). Such *Monell* liability is alleged separately in Count 5 of the Complaint.

### 1. The nature of the claim

Ms. Brinson clarifies in her opposition that her *Monell* theory of municipal liability is not based on "policy or custom," but rather on "failure or inadequacy" in connection with the hiring, training, or supervision of the police officers.  Some background is required.

A municipality may be held liable for a constitutional injury that occurred pursuant to a municipal "policy or custom." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir.), *cert. denied*, 140 S. Ct. 82, 97 (2019) (citing *Monell,* 436 U.S. at 694).

> [1] "Policy is made when a decisionmaker possess[ing] final
> authority to establish municipal policy with respect to the action
> issues an official proclamation, policy, or edict." *Andrews v. City of*
> *Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990) (alteration in
> original) (internal quotation marks omitted).

> [2]  "Custom, on the other hand, can be proven by showing that a
> given course of conduct, although not specifically endorsed or
> authorized by law, is so well-settled and permanent as virtually to
> constitute law." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir.
> 1990) (Becker, J.); *see also Brown v. Muhlenberg Twp.*, 269 F.3d
> 205, 215 (3d Cir. 2001) ("A custom ... must have the force of law by

virtue of the persistent practices of state [or municipal] officials."
(internal quotation marks omitted)).

*Estate of Roman,* 914 F.3d at 798.

The City's brief devotes much attention to its formal policy governing pursuit of suspects by automobile. It attaches to its papers a copy of a 39-page, detailed Police Pursuit Policy, General Order 94-03. (DE 5-2)[4] The Complaint, the City argues, does not set forth any manner in which these constitutional injuries could be said to flow from that official "policy"; nor does the Complaint set forth a pattern of past incidents evincing a less formal "custom" of encouraging or condoning such unconstitutional conduct.

Brinson responds that the City's argument has "missed the mark," because she is not asserting a "policy or custom" claim at all. (Opp. at 9) Rather, Brinson says, she is asserting a "failure or inadequacy theory." (*See* Opp. at 8–10, citing, *inter alia, Forrest v. Parry,* 930 F.3d 93, 105 (3d Cir. (2019).)

The Complaint does repeatedly use the terms "policy or custom." I take the plaintiff at her word, however, that her theory is differently focused. What she is alleging is not that the City lacked a police-pursuit policy, but that it failed to take reasonable steps to hire officers who would follow it, or to ensure that the officers, once hired, would follow it.[5]

In the context of the plaintiff's clarification in her opposition brief, I read Count 5 of the Complaint to be asserting a "failure or inadequacy" theory—in particular, failure or inadequacy in relation to hiring, training, or supervision of officers. My analysis will proceed on that basis.

---

[4]    There seems to be no dispute as to the authenticity of this official public document. I may consider its existence, though not the truth of any factual matter asserted therein, on a motion to dismiss. *See Estate of Roman,* 914 F.3d at 796–97.

[5]    It is possible to quibble about whether "failure or inadequacy" is truly a third, distinct *Monell* theory, or whether it is a subspecies of the "custom" theory, but for these purposes it does not matter.

### 2. Analysis of "failure or inadequacy" claim

There seems to be no disagreement as to the legal principles governing a § 1983 claim of inadequate hiring, training, or supervision of police officers. Under *Monell,* municipal liability is not based on mere *respondeat superior,* but rather on the municipality's involvement in or culpability for the constitutional deprivation. The level of municipal culpability required is "deliberate indifference."

A failure-to-train claim is emblematic. In order to satisfy the *Monell* requirement of actual municipal involvement or culpability, it requires "deliberate indifference" to constitutional rights and a degree of foreknowledge, generally if not always based on a pattern of past incidents, that a constitutionally perilous situation will occur:

> [F]or failure-to-train claims . . . a plaintiff need not allege an unconstitutional policy. *See Reitz v. County of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997) ("[I]n the absence of an unconstitutional policy, a municipality's failure to properly train its employees and officers can create an actionable violation ... under § 1983."). Instead, he must demonstrate that a city's failure to train its employees "reflects a deliberate or conscious choice." [citing *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 215 (3d Cir. 2001)] (internal quotation marks omitted). For claims involving police officers, the Supreme Court has held that the failure to train "serve[s] as [a] basis for § 1983 liability only where [it] ... amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L.Ed.2d 412 (1989) (footnote omitted). A plaintiff sufficiently pleads deliberate indifference by showing that "(1) municipal policymakers know that employees will confront a particular situation[,] (2) the situation involves a difficult choice or a history of employees mishandling[,] and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Doe v. Luzerne County*, 660 F.3d 169, 180 (3d Cir. 2011) (internal quotation marks omitted) (quoting *Carter v. City of Philadelphia*, 181 F.3d 339, 357 (3d Cir. 1999)).

*Estate of Roman*, 914 F.3d at 798.

To the extent the Complaint pleads these prerequisites at all, it pleads them as legal conclusions, without facts. There are no facts pled in the complaint regarding the nature or unsuitability of hiring decisions, the inadequacy of training procedures, or lapses in supervision.

In that regard, I need look no farther than the plaintiff's argument in her opposition brief:

As to whether Plaintiff has sufficiently plead[ed] a Monell-base[d] failure-and-inadequacy claim against the City, the following well-plead[ed] allegations of the City's failure and inadequacy are contained in the complaint:

Defendant, CITY OF NEWARK, failed to have in place and/or follow and/or train its officers in proper police protocol with regard to "police pursuits" and the use of high speed pursuit of summary offenders, which resulted in the aforementioned crash. Compl., Count V, ¶ 1.

Defendant CITY OF NEWARK failed to have an adequate policy in place governing police pursuits; it failed to properly train its officers in the conduct of such pursuits; it failed to supervise its officers during such pursuits; it permitted or acquiesced to a custom of constitutional deprivation with regard to its police officers engaging in high speed pursuits. Compl., Count V, ¶ 2.

Defendant, CITY OF NEWARK, created a policy or custom of deliberate indifference, negligence and recklessness in the training, hiring and supervision of personnel, including officers who would engage in the improper, illegal and unnecessary "police pursuits." Compl., Count V, ¶ 3.

Defendant, CITY OF NEWARK, created a policy or custom of deliberate indifference, negligence and recklessness in the training, hiring and supervision of personnel in the enforcement of the use of "police pursuit provisions/guidelines." Compl., Count V, ¶ 4.

Defendant CITY OF NEWARK created a policy or custom of deliberate indifference, negligence and recklessness in the training, hiring and supervision of personnel, including officers, in the proper procedure for initiating and continuing in "police pursuit." Compl., Count V, ¶ 5.

> The acts/omissions of the CITY OF NEWARK and through their duly authorized agents, servants, workers, employees and/or representatives were committed negligently, recklessly, carelessly, wantonly, maliciously, unlawfully, and unconstitutionally, and by conduct so egregious so as to shock the conscious and all sense of decency. Compl., Count V, ¶ 6.

> The acts and/or omissions to act of all Defendants and through their duly authorized agents, servants, workers, employees and/or representatives were committed without due regard and with wanton and reckless disregard to the health, safety and welfare of PATRICIA BRINSON. Compl., Count V, ¶ 7.

> As such, the CITY OF NEWARK acted with deliberate indifference to the rights of persons with whom the police officers come into contact, including STOKES and KIRKLAND. Compl., Count V, ¶ 8.

> The CITY OF NEWARK'S actions and inactions were the moving force behind the actions of STOKES and KIRKLAND, which led to the constitutional violation suffered by Plaintiff as specified above. Compl., Count V, ¶ 9.

(Opp. at 11–13)[6]

This is not factual pleading; it is legal boilerplate. The Complaint does not contain a single factual allegation describing the hiring, training, or supervision of these officers, let alone the manner in which these practices were inadequate. It fails to allege any facts tending to suggest that the City was deliberately indifferent to likely incidents of unconstitutional conduct in connection with pursuit of suspects. In particular, it fails to allege the prerequisites for municipality set forth in *Roman, Carter*, and *Canton, supra*— for example, policymakers' knowledge of a difficult situation in which *ad hoc* judgment calls by officers had often given rise to constitutional deprivations in

---

[6]     Once again, although these allegations are rife with "policy or custom" language, the plaintiff has unequivocally stated that her theory is the related but distinct one of "failure or inadequacy."

the past, or would be very likely to do so in the future.[7] This Complaint does not even identify what the alleged failure or inadequacy was. It simply hypothesizes that such a failure or inadequacy—whatever it was— must have occurred. That allegation of failure or inadequate municipal procedures seems to be based on nothing more than the incident itself, a form of tautological or circular reasoning that would perhaps impose *Monell* liability in every case.

More is required. Particularly in the context of a "single-incident" claim like this one, something must be factually alleged from which the Court can draw a plausible factual inference of deliberate indifference.

Now it is true, of course, that many of the facts relevant to those issues would be in the control of the City, not the plaintiff. In that connection, the plaintiff cites *Carter v. City of Philadelphia*, 181 F.3d 339, 357–58 (3d Cir. 1999) ("The District Court's insistence that Carter must identify a particular policy and attribute it to a policymaker, at the pleading stage without benefit of discovery, is unduly harsh.") And *Carter* does make the commonsense observation that a plaintiff cannot be expected to know the internal workings of the police department. But it does not relieve plaintiffs of the basic Rule 8(a) requirement of pleading some plausible facts. In *Carter,* the plaintiff pled facts suggesting "a pervasive pattern of egregious, unconstitutional conduct by Philadelphia's police," from which he could "surmise[], reasonably, that such misconduct reflects inadequate training and supervision." *Id.* All that *Carter* held was that the plaintiff could not reasonably expected to allege "without discovery, *exactly* what training policies were in place or how they were adopted." *Id.* at 358 (emphasis added).

The *Monell* allegations in Brinson's complaint, by contrast, are virtually fact-free. Count V is therefore dismissed. Because this is an initial dismissal,

---

[7]     The City depicts *City of Canton v. Harris*, 489 U.S. at 388, as a case setting forth pleading standards. It is not. *Canton* was an appeal from a district court's entry of judgment after a jury trial. *Canton* is pertinent, however, insofar as it sets forth the "deliberate indifference" standard of municipal liability.

and particularly because the Complaint was removed from state court, where different pleading standards apply, it is entered without prejudice.

## II.   CONCLUSION

For the reasons set forth above, the motion (DE 5) of defendant the City of Newark to dismiss the Complaint as against itself only is **GRANTED**. This dismissal is entered without prejudice to the filing, within 30 days, of a properly supported motion to amend the complaint in accordance with Fed. R. Civ. P. 15 and D.N.J. Local Civil Rule 15.1.

A separate order will issue.

Dated: October 26, 2020

/s/ Kevin McNulty

_____
**Hon. Kevin McNulty**
**United States District Judge**